USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 10/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JAERUE WILLIAMS,

Petitioner,

-against-

ANTHONY ANNUCCI, SUPERINTENDENT,

Respondent.

-----------------------------------------------------------------------X

OPINION AND ORDER

18 Civ. 631 (NSR) (AEK)

NELSON S. ROMÁN, United States District Judge:

Petitioner Jaerue Williams ("Petitioner") commenced the instant proceeding pursuant to 28 U.S.C. § 2254 challenging his April 1, 2014 convictions before a jury for manslaughter in the first degree and criminal possession of a weapon in the second degree in the County Court, Westchester County. (ECF No. 1.) Respondent opposed the petition. (ECF Nos. 7 & 8.) The case was referred to Magistrate Judge Andrew E. Krause ("MJ Krause"), pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), to issue a Report and Recommendation ("R & R") on the petition. (ECF No. 5.) Presently before the Court is MJ Krause's R & R recommending that the petition be DENIED and action DISMISSED. (ECF No. 25.) For the following reasons, the Court adopts the R & R in its entirety.

## **FACTUAL & PROCEDURAL BACKGROUND**

Petitioner's conviction resulted from an incident that occurred on the evening of August 10, 2012, in the vicinity of 16 South Regent Street, Port Chester, N.Y. ("16 South Regent Street"). Petitioner, along with Karen Jaramillo ("Jaramillo"), purportedly went to the location

with the intention of purchasing marijuana from the victim, Wilfredo Rivera ("Rivera"). Following multiple conversations between Petitioner, Jaramillo and Rivera, Rivera refused to make the sale. Thereafter, Petitioner and Rivera engaged in a separate conversation during which the Petitioner displayed a firearm in his waistband, and a struggle ensued. During the struggle, Petitioner reached for his firearm, pointed it in Rivera's direction, and shot him, resulting in Rivera's death. A more detailed factual summary can be found in the parties' submissions, and the R & R.

Petitioner was convicted of multiple counts following a jury trial in Westchester County and sentenced to concurrent terms resulting in a twenty-five (25) year prison term and five (5) years of post-release supervision. Petitioner appealed his conviction to the state's intermediate appellate court, the Appellate Division, Second Department. On May 11, 2016, the appellate court affirmed the conviction. *People v. Williams*, 139 A.D.3d 885 (2d Dep't 2016). In his appeal, Petitioner raised multiple issues including the trial court's failure to suppress identification testimony, the legal sufficiency of the evidence, the weight of the evidence, the trial court's *Sandoval* ruling, the admission of testimony regarding Petitioner's alleged threats to a trial witness, and the trial court's failure to reopen the case for the purpose of allowing additional evidence. *Id.* The appellate court determined that the issues raised lacked merit and affirmed the convictions. The court also determined that the Petitioner received meaningful legal representation. *Id.* Petitioner subsequently sought leave to appeal to the New York State Court of Appeals, the state's highest court, but leave was denied. *People v. Williams*, 28 N.Y.3d 1076 (2016).

In his petition, Petitioner asserts seven grounds for relief: (1) the police photo identification procedure was unduly suggestive and should have been precluded; (2) the trial

court's failure to dismiss the case because the People failed to prove the element of intent; (3) the evidence was legally insufficient to support the conviction; (4) ineffective assistance of counsel; (5) the trial court's failure to give an accomplice charge; (6) the trial court's allegedly erroneous Sandoval ruling; and (7) the trial court's failure to reopen the case to allow for additional testimony.

On November 25, 2025, MJ Krause issued an R & R recommending the petition be denied in its entirety on the basis that the claims lack merit. (ECF No. 25.) Upon Petitioner's letter motion received December 9, 2025, the Court granted Petitioner an extension until January 19, 2026, to file his objections to the R & R. (ECF No. 27.) On January 20, 2026, Petitioner filed his objections to the R & R. (ECF No. 34.)

## STANDARD OF REVIEW

### Report & Recommendation

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72(b) advisory committee's note on the 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

**Writ of Habeas Corpus**

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"). *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Section 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Habeas review is an extraordinary remedy" and is not a substitute for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). When a federal court reaches the merits of a habeas petition, AEDPA prescribes a "highly deferential" standard for reviewing state court rulings. *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); see also *Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015).

"Before a federal district court may review the merits of a state criminal judgment in a habeas corpus action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254." *Visich v. Walsh*, No. 10 Civ. 4160 (ER)(PED), 2013 WL 3388953, at *9 (S.D.N.Y. July 3, 2013). These procedural requirements include the exhaustion of claims in state court. *See* 28 U.S.C. § 2254(b)(1)(A). Where an exhausted claim has been "adjudicated on the merits" in state court, AEDPA's deferential standard of review under § 2254(d) applies. An "adjudication on the merits" has been interpreted to mean that a state court has made a decision finally resolving the parties' claims,

with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural or other ground. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (internal citations omitted). A federal petition that challenges a state conviction based upon a court decision that rests upon a "state-law ground," independent of the federal question and adequate to support the judgment, is not subject to federal review. *Cone v. Bell,* 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

## DISCUSSION

In his objections to the R & R, Petitioner raises two main contentions: the trial court's failure to reopen the case to allow him to introduce evidence supporting an alleged third-party culpability defense, and its failure to preclude an allegedly unduly suggestive identification. Both contentions were raised in the original petition and thoroughly addressed in the R & R. Thus, the objections merely reiterate Petitioner's original arguments.

Generally, in this Circuit, when a litigant merely reiterates his original arguments, the court reviews the R & R only for clear error. *Johnson v. Brown*, No. 9:20-CV-00622 (LEK/ATB), 2022 WL 4395995, at *4 (N.D.N.Y. Sept. 23, 2022). Upon review, the Court concludes that of MJ Krause's legal analysis and conclusions of law concerning the trial court's resfusal to reopen the trial and its failure to preclude the identification are consistent with prevailing law. Accordingly, the Court finds no clear error.

To the extent Petitioner's contentions may be deemed specific objections to the R & R, the Court has conducted *de novo* review and addresses each contention in turn.

**Failure to Reopen the Trial**

After the close of evidence, Petitioner moved to reopen the trial to introduce additional evidence. Specifically, Petitioner sought to introduce evidence that a third party, Miguel Villafane ("Villafane"), a witness who was present at the scene of the incident, may have been culpable for the crime. Petitioner argued that a subsequent criminal investigation of an attempted robbery at Villafane's apartment resulted in the recovery of marijuana, two firearms, .380 caliber bullets, and Rivera's driver's license. Petitioner contended that the recovery of these items from Villafane's apartment suggested that Villafane could have been the shooter. The prosecution strenuously argued that Petitioner's contention amounted to mere speculation and that reopening the trial to introduce such evidence would incite the jury to speculate.[1]

On direct appeal, Petitioner raised the same contention. In its decision, the appellate court held:

> "Absent a compelling reason, the order of trial prescribed by [NY] CPL 260.30 should be followed" (*People v. Fama*, 212 A.D.2d 542, 543, 622 N.Y.S.2d 732). The determination of whether to reopen a case for further testimony rests within the sound discretion of the trial court (see *People v. Ventura*, 35 N.Y.2d 654, 655, 360 N.Y.S.2d 419, 318 N.E.2d 609; *People v. McCloud*, 305 A.D.2d 428, 429, 758 N.Y.S.2d 516; *People v. Fama*, 212 A.D.2d at 543, 622 N.Y.S.2d 732). Here, the defendant sought to reopen the trial in order to present evidence that, according to the defendant, related to the possible culpability of a third party. Any conclusion, however, that the third party was culpable was so tenuous as to be entirely speculative. Accordingly, the County Court would not have improvidently exercised its discretion by excluding that evidence had it been offered during the defendant's case (see *People v. Powell*, 27 N.Y.3d 523, 532, 35 N.Y.S.3d 675, 55 N.E.3d 435, 2016 N.Y. Slip Op. 02555, 2016 WL 1306692 *5 [2016]; cf. *People v. DiPippo*, 82 A.D.3d 786, 918 N.Y.S.2d 136), and it did not improvidently exercise its discretion in denying the defendant's application to reopen the trial to present that evidence (see People v. McCloud, 305 A.D.2d at 429, 758 N.Y.S.2d 516; People v. Fama, 212 A.D.2d at 543, 622 N.Y.S.2d 732)."

---

[1] At trial, the prosecution introduced testimonial evidence from Sergio Aguirre ("Aguirre"), who witnessed the incident and identified the Petitioner as the shooter. Following the Petitioner's arrest and pursuant to the execution of a search warrant, the police recovered live .380 caliber cartridges with cooper-jacketed bullets from Petitioner's apartment. A forensic test demonstrated that the bullets recovered from Rivera's body, which resulted in his death, were consistent with the cartridges recovered from Petitioner's apartment. Lastly, a data extraction from Petitioner's cell phone revealed deleted images of Petitioner wearing a do-rag, consistent with eye-witness testimony, holding what appeared to be .380 caliber cartridges with copper jacketed bullets between his teeth. The bullet images were consistent with those recovered from Rivera's body and those recovered from Petitioner's apartment.

*People v. Williams*, 139 A.D.3d at 886–87.

The appellate court's decision on the issue makes clear that Petitioner's contention turned exclusively on the interpretation of state law, and the court resolved the issue on that basis. As discussed above and in the R & R, a federal petition that challenges a state conviction based upon a court decision that rests upon a "state-law ground," independent of the federal question and adequate to support the judgment, is not subject to federal review. *Cone v. Bell*, 556 U.S. at 465 (internal citation omitted). Accordingly, the contention is not subject to habeas review.[2]

**Identification Evidence**

Petitioner's main objection to the R & R is that the trial court should have precluded the prosecution from introducing evidence of the "alleged eyewitness" identification of the shooter. In particular, Petitioner asserts that the identification made by the prosecution's eyewitness, Aguirre, was tainted because Aguirre had been shown a picture of Petitioner from an Instagram account. Two of Aguirre's acquaintances had shown him the photo shortly before he went to the police department to view a photo array.

Prior to trial, the court conducted a *Wad*e hearing to determine whether the pretrial identification procedures were unduly suggestive in such a way as to taint the in-court identification. *See United States v. Wade*, 388 U.S. 218 (1967); *United States v. Gershman*, 31

[2] Generally, in federal court, the decision to re-open a criminal case after the close of evidence lies within the sound discretion of the trial court. *United States v. Ramirez*, 608 F.2d 1261, 1267 (9th Cir.1979); see also *Turner v. United States*, 441 F.2d 736, 739 (5th Cir.1971) Such a decision will only be overturned upon a showing of judicial abuse of discretion. *United States v. Thetford*, 676 F.2d 170, 182 (5th Cir.1982), cert. denied, 459 U.S. 1148, 103 S.Ct. 790 (1983). In exercising its discretion, the trial court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. Id. Additionally, the party seeking to re-open must provide a reasonable explanation for failure to present the evidence in its case-in-chief. The evidence sought to be offered must be relevant, admissible, technically adequate, and helpful to the jury in ascertaining the guilt or innocence of the accused. Id. at 182. Applying these basic federal law principles to Petitioner's contention, the trial court's failure re-open the case to allow what can only be referred to as speculative evidence of a third-party's possible culpability was not an abuse of discretion.

F.4th 80 (2d Cir. 2022). At the *Wade* hearing, the prosecution introduced evidence showing that on August 13, 2012, Aguirre went to the Port Chester Police Department to be interviewed concerning Rivera's death. During the interview, Aguirre informed the police that earlier in the day or the day before, two of his friends had shown him a photograph of the Petitioner. Petitioner argued that, because Aguirre had been shown the photo, his subsequent identification during the photo array was tainted. The hearing court, as well as the state appellate court, ruled that the identification was not tainted. The courts relied principally on the principle that suggestive conduct by private citizens, rather than by law enforcement, that results in an eyewitness identification does not violate the Due Process Clause of the Fifth or Fourteenth Amendment so as to require suppression. *See Perry v. New Hampshire*, 565 U.S. 228, 242 (2012); *see also People v. Marte*, 12 N.Y.3d 583, 589 (2009) (declining to extend a per se constitutional rule of exclusion to cases in which an identification results from a suggestive communication by a private citizen). A pretrial identification procedure may be found unduly and unnecessarily suggestive if it results from police procedures that create "a very substantial likelihood of irreparable misidentification." *United States v. Little*, 640 F. Supp. 3d 306, 319 (S.D.N.Y. 2022) (quoting *Brisco v. Ercole*, 565 F.3d 80, 88 (2d Cir. 2009)). As found by the trial court and the state appellate court, Petitioner's contention arises from the conduct of two private individuals who showed a picture of Petitioner to a witness who later identified Petitioner as the shooter. Such findings and rulings are consistent not only with state law precedent but also with federal law.

The record further discloses that, out of an abundance of caution, the trial court conducted an independent source hearing to determine whether the eyewitness, Aguirre, had an independent basis, sufficient to render the identification reliable, for identifying Petitioner as the

assailant. *See United States v. Wilson*, 493 F. Supp. 2d 469, 473 (E.D.N.Y. 2006) (explaining that the purpose of an independent source hearing is to determine whether identification testimony made by a witness under suggestive circumstances has an independent source that would render it reliable); see also *People v. Foster*, 200 A.D.2d 196, 199 (1st Dep't 1994) (explaining that the fundamental purpose of the independent source hearing is to determine, in a case in which there have been impermissibly suggestive police identification procedures, whether there exists a sufficiently reliable basis for a witness's inculpatory identification of the defendant at trial). Among the factors the hearing court should consider are the opportunity of the witness to view the criminal at the time of the alleged crime, the degree of attention given by the witness, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *See United States v. Concepcion*, 983 F.2d 369, 377 (2d Cir. 1992) (citing *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972)).

At the hearing, Aguirre testified that on the evening of the shooting, he was sitting on the front steps of 16 South Regent Street and observed Rivera and a Black male wearing a do-rag (Petitioner) standing approximately five (5) feet away, facing each other. The man repeatedly asked Aguirre if he was the "connect," meaning the person selling marijuana. Aguirre observed the man continually rubbing and playing with his t-shirt, monitoring his waistband. He then overheard the man threaten to blow away Rivera. In an instant, Aguirre observed Rivera lunge towards the man, trying to hold him in a bear hug, and then heard a shot ring out. Importantly, Aguirre testified that he had a clear, unobstructed view of the male and indicated there was plenty of streetlight at the time. Based on the proffered testimony, there was a legally sufficient

basis for determining that Aguirre had an independent basis for making a reliable inculpatory identification of Petitioner as the shooter.

Lastly, in his objections to the R & R, Petitioner emphasizes issues of credibility concerning Aguirre's identification. It is well settled in this Circuit that, when testimony conflicts, the court must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses. *United States v. Stratton*, 779 F.2d 820, 827–28 (2d Cir. 1985), cert. denied, 476 U.S. 1162 (1986).

## **CONCLUSION**

Upon a review of the R & R, the Court finds no clear error on the face of the record. Accordingly, the Court adopts MJ Krause's R & R in its entirety. To the extent Petitioner has raised relevant objections to the R & R, the Court has addressed those objections and has deemed them meritless. Accordingly, the petition is deemed DENIED and the action is DISMISSED. The Clerk of the Court is respectfully directed to terminate the action.

Dated: October 28, 2026
White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE